```
  X  FILED         ___ LODGED
 ___ RECEIVED      ___ COPY

      AUG 02 2021

CLERK U S DISTRICT COURT
    DISTRICT OF ARIZONA
BY_____ DEPUTY
```

David Abrams, Attorney at Law
Admitted Pro Hac Vice
PO Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 dnabrams@gmail.com

**SEALED**

United States District Court
District of Arizona

**TO BE FILED UNDER SEAL**

|   |   |
|---|---|
| United States of America ex rel.<br>GNGH2 Inc.,<br><br>　　　　　Plaintiff-Relator,<br><br>　　　　　- against -<br><br>S&F MANAGEMENT COMPANY LLC;<br><br>S&F MANAGEMENT COMPANY INC.<br><br>BLYTHE/WINDSOR COUNTRY PARK HEALTHCARE CENTER, LLC;<br><br>WINDSOR CONVALESCENT AND REHABILITATION CENTER OF CONCORD, LLC;<br><br>WINDSOR CONVALESCENT AND REHABILITATION CENTER OF SALINAS, LLC;<br><br>WINDSOR GARDENS CONVALESCENT HOSPITAL, INC.;<br><br>WINDSOR HAYWARD ESTATES, LLC;<br><br>WINDSOR SACRAMENTO ESTATES, LLC;<br><br>WINDSOR TERRACE HEALTHCARE, LLC;<br><br>WINDSOR TWIN PALMS HEALTHCARE CENTER, LLC;<br><br>13000 VICTORY BOULEVARD, LLC;<br><br>WINDSOR CARE CENTER NATIONAL CITY, INC.; | **CV21-01338-PHX-SMB**<br><br>Index No.:<br><br>**COMPLAINT** |

| | |
|---|---|
| WINDSOR CHEVIOT HILLS, LLC; | ) |
| | ) |
| WINDSOR CONVALESCENT AND | ) |
| REHABILITATION CENTER OF FREMONT, LLC; | ) |
| | ) |
| WINDSOR GARDENS HEALTHCARE | ) |
| CENTER OF HAYWARD, LLC; | ) |
| | ) |
| WINDSOR BAKERSFIELD HEALTHCARE, LLC; | ) |
| | ) |
| S & F HOSPICE OPCO I, LLC; | ) |
| | ) |
| S & F MARKET STREET HEALTHCARE, LLC; | ) |
| | ) |
| S & F HOME HEALTH OPCO I, LLC; | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff-Relator, complaining of the Defendants by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.      Nature of the Case**

1.      This is a false claims act claim. The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendants fraudulently obtained CARES Act disaster relief by means of fraudulent certifications of eligibility. As set forth in more detail below, the Defendants in this matter are all affiliates of each other. Taken together, their size and revenues far exceed the maximum threshold for eligibility for disaster relief.

**II.     Parties**

2.      Plaintiff-Relator GNGH2 is a New Jersey corporation.

3.      Defendants S & F MANAGEMENT COMPANY LLC; S & F MANAGEMENT COMPANY INC.; BLYTHE/WINDSOR COUNTRY PARK HEALTHCARE CENTER, LLC; WINDSOR CONVALESCENT AND REHABILITATION CENTER OF CONCORD, LLC; WINDSOR CONVALESCENT AND REHABILITATION CENTER OF SALINAS, LLC;

2

WINDSOR GARDENS CONVALESCENT HOSPITAL, INC.; WINDSOR HAYWARD ESTATES, LLC;WINDSOR SACRAMENTO ESTATES, LLC;WINDSOR TERRACE HEALTHCARE, LLC;WINDSOR TWIN PALMS HEALTHCARE CENTER, LLC; 13000 VICTORY BOULEVARD, LLC; WINDSOR CARE CENTER NATIONAL CITY, INC.; WINDSOR CHEVIOT HILLS, LLC; WINDSOR CONVALESCENT AND REHABILITATION CENTER OF FREMONT, LLC; WINDSOR GARDENS HEALTHCARE CENTER OF HAYWARD, LLC; WINDSOR BAKERSFIELD HEALTHCARE, LLC; S & F HOSPICE OPCO I, LLC; S & F MARKET STREET HEALTHCARE, LLC; and S & F HOME HEALTH OPCO I, LLC; are entites which operate health care facilities in California and Arizona with the exception of Defendant S & F HOME HEALTH OPCO I, LLC which operates a home health agency.

### III. Jurisdiction and Venue

4. This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any one Defendant resides or transacts business. In this case, Defendant S & F MANAGEMENT COMPANY LLC operates a chain of nursing homes throughout California and Arizona, including the Palm Valley Rehabilitation and Care Center in Goodyear, Arizona.

### IV. Activities of and Relationship Among the Defendants

5. The Defendants in this matter operate as part of a chain of health care providers (primarily nursing homes) in California and Arizona under the name "Windsor" (the "Windsor Concern")

6.  Two individuals -- Lee Samson and Lawrence Feigen -- own and control the Windsor Concern and operate the various nursing homes through their operating companies which include Defendants S & F Management LLC and S & F Management Inc. (the "Managing Defendants").

7.  Thus, all of the Defendants in this matter are under common ownership and control.

**V.   Background**

8.  Throughout most of 2020, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19." (the "Coronavirus Epidemic").

9.  In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

10. All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

12. The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster relief.

13. Except for the Managing Defendants, Each of the Defendants herein applied for and received such funding as follows:

| Party | Date | Amount |
| --- | --- | --- |
| BLYTHE/WINDSOR COUNTRY PARK HEALTHCARE CENTER, LLC | 6/23/2020 | $1,710,568 |
| WINDSOR CONVALESCENT AND REHABILITATION CENTER OF CONCORD, LLC | 6/24/2020 | $1,950,000 |
| WINDSOR CONVALESCENT AND REHABILITATION CENTER OF SALINAS, LLC | 6/24/2020 | $1,386,270 |
| WINDSOR GARDENS CONVALESCENT HOSPITAL, INC. | 5/18/2020 | $1,015,472 |

| | | |
|---|---|---|
| WINDSOR HAYWARD ESTATES, LLC | 5/18/2020 | $1,009,642 |
| WINDSOR SACRAMENTO ESTATES, LLC | 5/18/2020 | $1,125,882 |
| WINDSOR TERRACE HEALTHCARE, LLC | 5/18/2020 | $1,531,562 |
| WINDSOR TWIN PALMS HEALTHCARE CENTER, LLC | 6/23/2020 | $1,950,000 |
| 13000 VICTORY BOULEVARD, LLC | 5/18/2020 | $997,225 |
| WINDSOR CARE CENTER NATIONAL CITY, INC. | 5/18/2020 | $915,412 |
| WINDSOR CHEVIOT HILLS, LLC | 5/18/2020 | $898,067 |
| WINDSOR CONVALESCENT AND REHABILITATION CENTER OF FREMONT, LLC | 5/29/2020 | $650,000 |
| WINDSOR GARDENS HEALTHCARE CENTER OF HAYWARD, LLC | 6/24/2020 | $959,805 |
| WINDSOR BAKERSFIELD HEALTHCARE, LLC | 6/26/2020 | $805,603 |
| S & F HOSPICE OPCO I, LLC | 5/18/2020 | $376,050 |
| S & F MARKET STREET HEALTHCARE, LLC | 5/18/2020 | $1,135,820 |
| S & F HOME HEALTH OPCO I, LLC | 5/18/2020 | $309,687 |
| Total: | | $18,727,065 |

12. With a few inapplicable exceptions, the eligibility rules require that all affiliated and related entities be considered in determining whether a business qualifies for such loans.

13. Looking at the Defendants as a whole, the Defendants had far more than the maximum assets, payroll size, and revenue for qualification.

14. Thus, the Defendants necessarily made false statements when they executed SBA Form 2483 stating as follows:

> The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the

        Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule).

15. These statements would have been made shortly before the dates set forth above. As a result of these statements, the Defendants received substantial funds to which they would not otherwise have been entitled.

16. Additionally, the PPP applications require a certification by the applicant that "Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant"

17. Separate and apart from the disaster relief described above, the Windsor Entity received CARES "Provider Relief" from the United States in excess of $25 million.

18. Thus, it seems doubtful that the $18.7 million million set forth in paragraph 11 above was actually necessary to support the Defendants' operations.

**VI.     (Count I)  Violation of the False Claims Act**

19. The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"  31 U.S.C. Section 3729(a)(1)(B)

20. The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

21. Thus, the Defendants' certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

## VII. Relief Sought

22. On behalf of the government, Relator is seeking judgment for the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

23. The Defendants received at least approximately $18.7 million in disaster relief as a result of the certifications set forth above.

24. Accordingly, Relator seeks judgment in the amount of $56,181,195 against the Defendants and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

_____

David Abrams, Attorney at Law
 Attorney for Relator
GNGH2 Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
dnabrams@gmail.com

Dated: New York, NY
       July 29, 2021